UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-23395-CIV-SEITZ/O'SULLIVAN

JACQUELINE CROSSDALE,

    Plaintiff,

v.

MOUNT SINAI MEDICAL CENTER OF
FLORIDA, INC.,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment [DE 28], to which Plaintiff did not file a response. Plaintiff Jacqueline Crossdale filed this action against her former employer, Defendant Mount Sinai Medical Center of Florida, Inc. ("Mount Sinai"), alleging wrongful termination based upon Plaintiff's exercise of her rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* As set forth more fully below, Mount Sinai did not interfere with Plaintiff's rights under the FMLA, and Mount Sinai has offered a legitimate, non-discriminatory reason for Plaintiff's termination: Mount Sinai believed that she stole money. Accordingly, Mount Sinai is entitled to judgment as a matter of law.

**I.    BACKGROUND**

Mount Sinai is a private not-for-profit teaching hospital located in Miami Beach, Florida. [DE 28, Ex. A, Affidavit of Terry Glanville "Glanville Aff." ¶ 3]. Plaintiff worked in Mount Sinai's Security Department from August of 1997 until her termination on August 12, 2009. [*Id.* ¶ 4; DE 26, Ex. A, Deposition of Jacqueline Crossdale, "Pl. Dep." at 87:15-22]. Plaintiff's job duties with Mount Sinai included issuing identification badges, collecting a $10.00 deposit for badges and returning the deposit when a badge is returned. [Pl. Dep. at 118: 21-25; 119: 1-3]. The identification badges are valid for a specific duration. When an individual returns his or her badge, Mount Sinai provides a petty cash voucher, redeemable for the $10.00 deposit unless the individual returns a badge more than seven days after the expiration date of the badge, in which case, the individual forfeits the deposit. [Pl. Dep. 118:11-119:7; 121:19-25; 122:5-7; 130:24-25; 131:1; 142:22-25; 143:1-5]. Plaintiff prepared petty cash vouchers for returned badges, which were redeemable for cash. To perform these duties

Plaintiff was entrusted each day with a cash drawer containing $150.00, to which she would add all $10.00 deposits collected, remove any $10.00 deposits returned and vouchers issued by the Plaintiff as proof of the returned badge. [Pl. Dep. 118:18-25; 139: 9-14; 119-149].

On or about July 11, 2009, Plaintiff went on medical leave for a heart condition. [Pl. Dep. at 100:22-24]. Plaintiff returned to work on or about July 25, 2009. [*Id.*] When Plaintiff returned from her leave of absence, she was reinstated at the same position at the same pay, with the same benefits. [*Id.* at 31:3-13].

### A.   Plaintiff's Termination

On August 6, 2009, Norman Gomez, a Security Department employee, brought to the attention of Operations Manager Terry Glanville some irregularities with three petty cash vouchers that Plaintiff prepared on August 4, 2009. [Glanville Aff. ¶5]. Mr. Glanville asked Plaintiff to bring him documentation supporting the petty cash vouchers. [*Id.* ¶6]. The badges Plaintiff presented Mr. Glanville had been created on August 6, 2009, whereas the petty cash vouchers were created on August 4, 2009.

Plaintiff was unable to explain how petty cash taken on August 4, 2009 was for badges that were created on August 6, 2009. [*Id.* ¶¶ 9-10]. Plaintiff was sent home early on that day. [*Id.* ¶12]. After conducting an investigation, Mount Sinai believed Plaintiff had falsified documents and committed theft. [*Id.* ¶13]. Mount Sinai avers that Plaintiff would create false petty cash vouchers, which Plaintiff would use to redeem cash from Defendant's cashier, and then Defendant retained the cash. [DE 9, Counterclaim ¶ 14]. Mount Sinai terminated Plaintiff's employment on August 12, 2009. [DE 1, Plaintiff's Complaint, "Compl." ¶ 17]. Plaintiff alleges Mount Sinai terminated her employment "to minimize its costs related to her absence and eliminate, or at least ameliorate, the number of FMLA protected weeks taken by her to care for her serious medical condition." [*Id.* ¶ 20]. Mount Sinai claims the reason Plaintiff was terminated is because she embezzled over $25,000.00.

## II.   SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that where "'the adverse party does not respond, summary judgment, *if appropriate*, shall be entered against the adverse party.'" *Trustees of Central Pension Fund of International Union of Operating Engineers and Participating Employers v. Wolf Crane Service, Inc.*,

374 F.3d 1035, (11th Cir. 2004) (emphasis in original). Summary Judgment is appropriate "where the 'pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Id.* Pursuant to Local Rule 7.5, Mount Sinai's statement of undisputed facts are deemed to be admitted, but the Court must review Mount Sinai's citations to the record to determine whether there is evidence to support Mount Sinai's facts and to "determine if there is, indeed, no genuine issue of material fact." *Reese v. Hebert*, 527 F.3d 1253, 1269 (11th 2008). Upon review, the Court concludes that the record does not reveal a genuine issue of material fact that would preclude entry of summary judgment.

### III.  DISCUSSION

Under the FMLA, "an employer is prohibited from discriminating or retaliating against an employee . . . for having exercised or attempted to exercise FMLA rights." 29 C.F.R. § 825.220(c); 29 U.S.C. § 2615(a)(1) & (2). The FMLA allows an eligible employee up to twelve weeks of unpaid leave per year due to a serious medical conditions. 29. U.S.C. § 2612(a)(1). When the employee returns from leave the FMLA requires that the employee be reinstated at the position she held when her leave began, with the same benefits, pay, and other relevant conditions of employment. 29 U.S.C. § 2614(a)(1). In an FMLA enforcement action, there are two types of claims: interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act, and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act. *Wascura v. City of South Miami*, 257 F.3d 1238 (11th Cir. 2001) (citing 29 U.S.C.A. § 2615(a)(1, 2); 29 C.F.R. § 825.220(c)).

Plaintiff alleges that Mount Sinai interfered with the exercise of her rights under the FMLA because it sought to minimize costs related to future FMLA leave Plaintiff would take to care for her medical condition and terminated her after she returned from medical leave. It is not clear from Plaintiff's complaint whether she alleges an interference claim or a retaliation claim. However, the evidence before the Court shows that Mount Sinai did not deny Plaintiff any rights under the FMLA. Plaintiff took leave, and was reinstated at the same position at the same pay, with the same benefits. Plaintiff does not allege that she attempted to take leave but

was denied. Rather, she alleges that she was terminated because she might take leave in the future. However, Plaintiff submitted no evidence to support this allegation.

### A. FMLA Interference Claim

To support her FMLA interference claim, Plaintiff must demonstrate only that she was "denied a benefit to which [s]he was entitled under the FMLA." Martin, 543 F.3d at 1266-67. Her claim of interference is that she was terminated because she would take leave in the future. Because Plaintiff took leave, and when she returned from leave she was reinstated to the same position, at the same pay rate and with the same benefits Plaintiff cannot set forth an FMLA interference claim.

There simply is no logical connection between Plaintiff's potential future leave and her termination. In her deposition, Plaintiff testified that she was unsure if she would need a leave of absence in the future, she did not talk to those involved in the decision to terminate her about her condition or her need for future FMLA leave. [Pl. Dep. 113:1-13, 115:8-11, 117:5-8]. The mere possibility that Mount Sinai may have decided that Plaintiff's medical condition may result in future FMLA absences and then terminated her for that reason, is but speculation, and "[s]peculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (emphasis and internal quotes omitted); *accord CBS Broadcasting, Inc. v. EchoStar Communications Corp.*, 450 F.3d 505, 518 n.25 (11th Cir. 2006) ("an inference based on speculation and conjecture is not reasonable" and so will not support a genuine issue of material fact).

### B. FMLA Retaliation Claim

Plaintiff avers that "[t]here is a causal connection between the FMLA-protected conduct of obtaining leave . . . and the adverse employment action," which would indicate she is alleging that she was retaliated against for exercising her rights. [DE 1 ¶ 20]. The Court will construe her allegations as a claim for retaliation. Retaliation claims under the FMLA are analyzed under the burden shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Schaaf v. Smithkline Beecham Corp.*, 602 F.3d 1236, 1243 (11th Cir. 2010). Under this framework, the Plaintiff first must establish a *prima facie* case of retaliation by demonstrating

that (1) she availed herself of a protected right under the FMLA; (2) she was adversely affected by an employment decision; (3) there is a causal connection between the employee's protected activity and the employer's adverse employment action. *Hulbert v. St. Mary's Health Care System, Inc.*, 439 F.3d 1286 (11th Cir. 2006). After establishing a *prima facie* case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. If a legitimate, non-discriminatory reason is provided, the Plaintiff must present evidence to show that the proffered reason is merely pretext.

### 1. *Analysis*

Plaintiff claims that her termination violated the FMLA because it was prompted by the fact that she took medical leave to which she was entitled under the FMLA. There is no dispute over the first and second elements of the *prima facie* case. However, Mount Sinai argues that Plaintiff cannot establish the third element of a *prima facie* case of violation of the FMLA. Additionally, Mount Sinai argues that it terminated Plaintiff for a legitimate, non-discriminatory reason. For purposes of this analysis, the Court will assume that Plaintiff has made a *prima facie* showing of FMLA retaliation: Plaintiff took FMLA leave, her termination was an adverse action, and her termination was temporally proximate to her leave. *See Martin v. Brevard County Pub. Sch.*, 543 F.3d 1261, 1268 (11th Cir. 2008) (temporal proximity sufficient to create genuine issue of material fact regarding causal connection). The issue here is whether Mount Sinai terminated her employment for a legitimate non-discriminatory reason.

### 2. *Mount Sinai's Legitimate, Non-Discriminatory Reason Is Not Pretext*

Mount Sinai has presented a satisfactory evidentiary explanation for its actions. Mount Sinai offers the following as its legitimate, nondiscriminatory reasons for Plaintiff's termination: Mount Sinai believed Plaintiff had falsified documents and committed theft. [DE 25 at 12]. Here, the record evidence shows that Plaintiff was terminated because she stole money; she was not terminated because she took FMLA leave. This destroys the inference of discrimination which would arise from a *prima facie* showing. Plaintiff has not presented evidence to demonstrate a genuine issue of material fact as to the truth or falsity of the Defendant's legitimate, nondiscriminatory reason. Because Mount Sinai offers evidence showing that Plaintiff was terminated as a result

of her theft, and Plaintiff does not offer any evidence to the contrary, Mount Sinai is entitled to judgment as a matter of law.

### 3. *Plaintiff Cannot Prove Damages*

Plaintiff seeks lost wages and benefits, compensatory damages and liquidated damages. For any FMLA violation, the employer is liable for compensatory damages, and unless the violation occurred in good faith, additional liquidated damages. 29 U.S.C. § 2617(a)(1)(A). However, because Plaintiff failed to produce any discovery to support her claim of damages, even if she could prove an FMLA violation, she would be unable to recover.

## IV.  CONCLUSION

Although Defendant's Motion for Summary Judgment is unopposed, the Court has reviewed the record, which reveals there is evidence to support Mount Sinai's statement of undisputed material facts and there is no genuine issue of material fact that would preclude entry of summary judgment. There is no evidence that Mount Sinai terminated Plaintiff because of her exercise of her rights under the FMLA, and, in fact, there is evidence that Defendant had a legitimate, nondiscriminatory reason to terminate Plaintiff. Additionally, the Court will decline to exercise supplemental jurisdiction, assuming it has it, over Defendant's state law Counterclaim [DE 9], and will dismiss Defendant's Counterclaim for lack of subject-matter jurisdiction. Therefore, it is

ORDERED that

(1) Defendant's Motion for Summary Judgment [DE 28] is GRANTED.

(2) Defendant's Counterclaim [DE 9] is DISMISSED.

(3) This CASE IS CLOSED.

(4) All motions not otherwise ruled upon are DENIED AS MOOT.

DONE AND ORDERED in Miami, Florida, this 23rd day of September, 2010.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   Judge O'Sullivan
      Counsel of Record